IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIAMOND KING, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:24-cv-903-K-BN | |
| § | | |
| ACADEMY OF AMERICA, ET AL., § | | |
| § | | |
| Defendants. § | | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In this *pro se* case that United States District Judge Ed Kinkeade referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference, in which Plaintiff Diamond King is proceeding *in forma pauperis*, the undersigned entered findings of fact and conclusions of law recommending that, unless King satisfactorily shows through timely objections a basis to amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit – with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted as to King and without prejudice to the extent that she also asserts claims on behalf of her minor son(s) (the "FCR") [Dkt. No. 8].

King timely filed objections to the FCR and moved for leave to amend. *See* Dkt. Nos. 9 & 10.

Considering King's motion and the proposed amended pleading attached thereto, the undersigned enters these supplemental findings of fact, conclusions of

law, and recommendation that the Court should deny the motion for the reasons set out in the FCR as supplemented below and dismiss this lawsuit as set out in the FCR.

## Legal Standards

Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

The futility analysis "mimics that of a motion to dismiss." *Id.* So "the court must determine whether the plaintiff has pleaded 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' such that he has '"state[d] a claim to relief that is plausible on its face."'" *Id.* at 388-89 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in turn, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

## Analysis

In the proposed amended complaint, King alleges on her behalf and on behalf

of her minor children that – after she complained about special education services at their school through formal complaints that she filed and emails that she sent to school officials – Defendants retaliated against her because the school did not provide records she requested; she was no longer invited to school functions; she was "escorted around the school for the first time"; in a meeting, a teacher was instructed not to talk to King; and one son was moved to a different basketball team. Dkt. No. 9 at 4-5. King further alleges a claim of breach of contract based on how special education services were/are being provided and claims of bullying and bribery. *See id.* at 5-6. And she again seeks as her sole relief monetary damages. *See id.* at 7.

King's proposed amended pleading is subject to dismissal primarily for the reasons set out in the FCR.

In sum, because she seeks only compensation, she again presents claims under Title II of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act ("RA"), not under the Individuals with Disabilities Education Act ("IDEA"). And, for the reasons set out in the FCR, the amended allegations fail to present facts that could show intentional discrimination – such that the Court may award compensatory damages – or set out retaliatory acts (1) so severe that any one act (or the acts combination) could materially affect a student or his status or (2) so severe as to deter a reasonable individual's advocacy efforts.

As to King's new claims, the breach of contract claim appears to be an alternative theory to advance her ADA/RA claims of discrimination and is therefore not plausibly alleged.

But, to the extent that King alleges breach of contract under Texas law, she fails to plead facts that could support each of element of such a claim. *See Seybold v. Charter Commc'ns, Inc.*, No. 23-10104, 2023 WL 7381438, at *4 (5th Cir. Nov. 7, 2023) (per curiam) ("Under Texas law, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007))).

And, if King's breach of contract claim is based on an allegation that one son is not receiving compensatory services under his individualized education program (or "IEP") – and to the extent that, through this claim, King may seek more than compensation – such a claim should be brought under the IDEA after exhausting available administrative remedies, as "the IDEA guarantees individually tailored educational services," *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 170-71 (2017), and, "if the relief sought is offered by the IDEA, a plaintiff must fully exhaust the administrative processes as required by [20 U.S.C.] § 1415(*l*)," *Lartigue v. Northside Indep. Sch. Dist.*, ___ F.4th ___, No. 22-50854, 2024 WL 1261291, at *3 (5th Cir. Mar. 26, 2024) (footnote omitted).

As to the bullying and bribery claims, the amended allegations appear to emanate from actions by an unnamed student. And, while King alleges that school officials were informed of these actions, none of the facts she provides could be construed as alleging a claim of negligence against the school officials, for example.

Nor may the allegations be construed as asserting a violation of federal law. For example, "a public school does not have a special relationship with a student that would require the school to protect the student from harm at the hands of a private actor." *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 856 (5th Cir. 2012) (en banc).

And, to the extent that the bullying claim includes a factual allegation related to a teacher, the FCR explained why such facts to do not support a plausible claim of retaliation.

## Recommendation

The Court should deny Plaintiff Diamond King's motion for leave to amend [Dkt. No. 9] and dismiss this lawsuit – with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted as to King and without prejudice to the extent that she also asserts claims on behalf of her minor son(s).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 14, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE